# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| STEVE RAY SHICKLES, JR. | ) |

## PLEA AGREEMENT

The Government and Defendant **STEVE RAY SHICKLES, JR.** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter and, (ii) waive certain of his rights to direct appeal and collateral attack as outlined in paragraph **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Defendant's Initials SS

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Wire Fraud, in violation of Title 18, United States Code, Section 1343, as charged in **COUNT ONE**, is:

a. Imprisonment for not more than 20 years;

b. A fine of not more than $250,000; or,

c. Both (a) and (b);

d. Supervised release of not more than 3 years; and

e. A mandatory Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

SHICKLES served as the Chief Operating Officer for Simple Helix, LLC.(Simple Helix) in Huntsville, Alabama for eleven (11) years prior to his resignation in 2019. Simple Helix is a subsidiary of Alpha Holdings, LLC, which itself is a subsidiary of Deep Blue Holdings, LLC. Deep Blue Holdings, LLC. is owned by Jada Leo and Carl Leo. In the course of business, Simple Helix sought loans. In order to secure those loans, the lending body requested a financial audit. This audit

Defendant's Initials SS

revealed suspicious financial activities which would eventually reveal SHICKLES' diversion of significant funds from Simple Helix.

SHICKLES made multiple unauthorized transfers from a PayPal account owned and operated by Simple Helix. (paypal@simplehelix.com) to his personal PayPal account (steveshickles@gmail.com) and his personal bank account where he then used the money for his own personal benefit. Additionally, SHICKLES used at least one debit card connected to Simple Helix's PayPal account to pay for personal expenses. Each of these transfers and debit card transactions involved a wire which contacted and communicated with PayPal servers located in California. As an example, on or about May 14, 2018, SHICKLES, while located in or around Huntsville, Alabama, caused a $75,000 wire transfer from a PayPal account belonging to Simple Helix, Inc. to his personal bank account. SHICKLES took steps to conceal these activities when he directed an employee to change a computer script which automated a daily email with a summary of Simple Helix's financial transactions. This script would have revealed the multiple fraudulent transfers and transactions made by the Simple Helix. PayPal account to SHICKLES's PayPal account. The change he directed to the script excluded PayPal information from the update emails which allowed him to continue his

Defendant's Initials SS

fraudulent activities without detection.[1] Between January 2012 and May 2018, these fraudulent transfers resulted in a loss of $1,670,066.36 for Simple Helix, Inc.

On May 31, 2017, SHICKLES directed the refund of funds expended by Simple Helix to a personal bank account of SHICKLES. Simple Helix previously purchased a large amount of equipment from "Relus Tech," located in Norcross, Georgia. SHICKLES returned a large portion of the equipment without the knowledge of the controlling interests of Simple Helix. In email correspondence with the vendor based in Georgia, SHICKLES attempted to have the proceeds from the return directed to his personal bank account. The vendor asked for confirmation to direct the proceeds to a different account from which it had been purchased. In furtherance of his scheme, SHICKLES created and controlled an email account (belinda.findley@simplehelix.com) utilizing the name of the bookkeeper for Simple Helix. From this fraudulent email account and within the State of Alabama, SHICKLES sent an email to the vendor in Georgia purporting to authorize the funds to be deposited into SHICKLES' personal account. SHICKLES included himself in this fraudulent email correspondence by placing steve@simplehelix.com in the cc

---

[1] SHICKLES directed a subordinate employee to change the script, excluding PayPal data, stating that "We do PayPal differently now" and asked that the daily email exclude PayPal data. When implementing this change, the employee noted in the script "...cause January 28, 2016 – we are doing PayPal differently now."

field of the email. The bookkeeper was not an employee of Simple Helix and did not have an email account at the simplehelix.com domain. This refund to his personal bank account yielded SHICKLES approximately $501,207.00 on or about May 31, 2017.

For the purposes of the plea agreement, the loss amount, restitution amount, and forfeiture amount agreed to by both parties is $2,171,273.36, such amount to be offset by payments made in accordance with any bankruptcy or civil judgment against SHICKLES.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*[signature: Steve Ray Shickles Jr.]*
STEVE RAY SHICKLES, JR.

Defendant's Initials SS

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the Government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with *the greater of* (i) the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing or (ii) a period equivalent to the time that the defendant has served in custody on this matter as of the date of sentencing;

(c) That following the said term of imprisonment, the defendant be placed on supervised release;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

Defendant's Initials SS

(e) That the defendant pay a special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, STEVE RAY SHICKLES, JR., hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant specifically waives any argument that the statute under which he is being convicted (*i.e.*, 18 U.S.C. § 922(g)) is unconstitutional and/or that Defendant's admitted conduct does not fall within the scope of this statute. However, the defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

Defendant's Initials SS

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and

(c) Claims of ineffective assistance of counsel.

The defendant acknowledges that, before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, STEVE RAY SHICKLES, JR., hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Steve Ray Shickles Jr.*
STEVE RAY SHICKLES, JR.

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant that, in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no

longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that, should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, that are contained herein.

Defendant's Initials SS

## VIII. SUBSEQUENT CONDUCT

The defendant understands that, should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant also will submit promptly a completed financial statement to the

United States Attorney's Office in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors that may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any

Defendant's Initials SS

appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status, given that he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_Dexilant, Trazodone_

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

Page 13 of 15

Defendant's Initials SS

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

7/11/2022
**DATE**

**STEVE RAY SHICKLES, JR.**
**Defendant**

### XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the on the terms and conditions set forth herein.

7-18-22
**DATE**

Latasha McCrary
**Defense Counsel**

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

7.26.2022
**DATE**

MICHAEL R. PILLSBURY
Assistant United States Attorney